IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | | |
|---|---|---|
| DOUGLAS W. VERRETT, | ) | |
| | ) | |
| Plaintiff | ) | Civil Action No. _____ |
| | ) | |
| v. | ) | COMPLAINT AND |
| | ) | JURY TRIAL DEMAND |
| ALLIANT RIGSERV LLC; | ) | |
| | ) | |
| Defendant | ) | COLLECTIVE ACTION |

Plaintiff Douglas W. Verrett, through undersigned counsel, hereby alleges as follows:

## THE PARTIES

1. Douglas W. Verrett is an individual of the full age of majority and a resident of Terrebonne Parish, Louisiana.

2. Defendant Alliant Rigserv, LLC, is a Texas limited liability company with its principal place of business at 3200 SW Fwy., Suite 3300, Houston, Texas.

3 Defendant operates a business specializing in supply chain management and inventory management, primarily within the oil and gas extraction and refining industries.

## JURISDICTION AND VENUE

4. This Complaint is brought pursuant to the Fair Labor Standards Act ("FLSA"). This Court has subject matter jurisdiction over Plaintiff's federal claim pursuant to 28 U.S.C. § 1331. Jurisdiction over Plaintiff's state law claim is appropriate under 28 U.S.C. § 1367.

5. This Court has personal jurisdiction over Defendant because it regularly conducts

business within the State of Louisiana, including within this District, and has purposefully availed itself of the privileges of operating within this State. The contracts at issue in this action were further entered into in Louisiana, and called for performance within this State.

6. A substantial part of the events and omissions alleged herein took place in St. Mary Parish, Louisiana. This Court is therefore the appropriate venue for this action. 28 U.S.C. § 98(c); 28 U.S.C. § 1391(b).

7. Defendant is engaged in commerce pursuant to 29 U.S.C. § 206(s).

8. Defendant's annual volume of sales made and business done exceeds $500,000.

## FACTUAL ALLEGATIONS

9. Plaintiff is experienced in the field of inventory control and inventory management within the oil and gas industry.

10. On or about February 2, 2017, Plaintiff electronically signed and returned an employment contract with Defendant. Plaintiff agreed to perform services related to inventory control and inventory management on the Deepwater Invictus and the Deepwater Proteus, oil and gas platforms off of the Louisiana coast.

11. Defendant required Plaintiff and other employees to complete a daily timesheet listing their billable hours, so that Defendant could bill those services to its customers.

12. For the workweek ending February 12, 2017, Plaintiff recorded 72 hours of billable work on the Deepwater Proteus, and submitted that timesheet to Defendant.

13. For the workweek ending February 19, 2017, Plaintiff recorded 40 hours of work on the Deepwater Proteus and 36 hours of work on the Deepwater Invictus. He submitted those timesheets, representing a total of 76 hours of billable work, to Defendant.

14. For the workweek ending February 26, 2017, Plaintiff recorded 60 hours of billable work on the Deepwater Invictus, and submitted that timesheet to Defendant.

15. While aboard the Deepwater Proteus and Deepwater Invictus, Plaintiff was paid a flat rate of $250 per day, with no premium payment for working overtime hours.

16. Plaintiff departed the Deepwater Invictus on or about February 24, 2017 and returned to his home in Terrebonne Parish.

17. Approximately one week later, Defendant contacted Plaintiff and offered him a job at Amelia Yard, located in St. Mary Parish.

18. On or about March 4, 2017, Plaintiff electronically signed and returned a second employment contract to perform work at the Amelia Yard.

19. For the workweek of March 5, 2017 through March 12, 2017, Plaintiff recorded 45.5 hours of billable work at the Amelia Yard, and submitted that timesheet to Defendant.

20. Plaintiff was paid a flat daily rate of $200 for work performed at the Amelia Yard, with no premium payment for his overtime hours.

21. During Plaintiff's employment with Defendant, the terms and conditions of the workplace were controlled by Defendant. Defendant set Plaintiff's hours of work, and was closely supervised by Defendant's supervisors.

22. Plaintiff does not own his own company or operate his own business.

23. During the time period that Plaintiff was employed by Defendant, he was economically dependent on Defendant.

24. Defendant provided all necessary tools and equipment for Plaintiff to perform his job duties.

25. According to the terms of the parties' contracts, Plaintiff was eligible to seek reimbursement from Defendant for any out of pocket expenses, including travel expenses, which he incurred.

26. Plaintiff did not exercise any managerial skills during the duration of his employment

with Defendant.

## COLLECTIVE ACTION CLAIMS

27. Plaintiff brings this complaint as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of all other current and former similarly situated employees who worked for Defendants within three years of the date of filing this lawsuit.

28. It was Defendant's regular practice to pay employees a flat daily rate regardless of the number of hours actually worked, with no premium payment for overtime hours.

29. Defendants' other employees were likewise expected to, and did, work more than 40 hours per week without overtime pay.

30. The collective is hereby defined as:

> All individuals employed by Alliant RigServ LLC at any time between April 21, 2014 to the date of judgment in this action, who were paid a flat daily rate and not compensated at one and one-half times their regular hourly rate for work performed in excess of forty (40) hours a week.

31. Defendants' failure to pay statutorily mandated overtime pay to the members of the collective constitutes a common practice, policy, or plan to deny overtime in violation of the FLSA.

32. Mr. Verrett is similarly situated to the remaining members of the collective in that they have all been paid a flat daily rate and denied overtime despite working more than 40 hours in a workweek.

33. Plaintiff requests that, at the soonest practicable time, the Court order that notice be given to the remaining members of the collective so that they may exercise their right to opt in to this action.

## FIRST CAUSE OF ACTION

**FAILURE TO PAY OVERTIME (29 U.S.C. § 207)**

**(On behalf of Douglas Verrett and all Members of the Collective)**

34. Plaintiff hereby realleges and reincorporates paragraphs 1-33.

35. The FLSA requires that employers pay nonexempt employees at a rate of at least one and one-half times their regular rate for all hours over forty in a workweek.

36. Defendant has never paid Plaintiff overtime pay for hours worked over forty in a workweek.

37. Defendant has never paid the remaining members of the collective overtime pay for hours worked over forty in a workweek.

38. Defendant had actual and constructive knowledge that Plaintiff and the remaining members of the collective were regularly working more than 40 hours in a week.

39. Despite this knowledge, Defendant failed to pay Plaintiff and the remaining members of the collective overtime premiums as required by law.

40. Defendant's nonpayment of overtime was willful and not based in a good faith belief that its conduct was in accordance with the law.

## SECOND CAUSE OF ACTION

## BREACH OF CONTRACT

**(On behalf of Douglas Verrett, Individually)**

41. Plaintiff hereby realleges and reincorporates paragraphs 1-26.

42. Both contracts entered into between Plaintiff and Defendant provide that either party has the right to terminate the relationship "upon the giving of not less than thirty (30) days' notice to the other."

43. Both contracts further state that Defendant may terminate Plaintiff's employment "for cause" under the following specified circumstances only:

- Violation of the non-compete or confidentiality provisions of the contract.
- Repeated inability or unwillingness to perform services as requested by

- Alliant RigServ.

- Repeated violation of published policies and procedures of Alliant RigServ.

- Sexual harassment.

- Unlawful discrimination in any form or violation of applicable laws, rules, and regulation.

44. On his way to work on March 13, 2017, Plaintiff gave notice, via text message, that he had been delayed by traffic and would be arriving to the Amelia Yards approximately five minutes late.

45. Plaintiff arrived at the worksite, completed a full ten hour shift, and returned home after 2 a.m.

46. The following morning, Defendant notified Plaintiff, via email, that he was being terminated for arriving late the night before.

47. The March 13, 2017 incident was the first time Plaintiff arrived to the job late – in fact, on several occasions he had arrived a full half-hour earlier than the initially expected start time of 4:30 p.m.

48. Other employees in the same position, and working at the same jobsite, have arrived late for work without being terminated.

49. This abrupt termination, based on a single minor incident of entirely excusable tardiness, does not qualify as a termination for cause under the clear terms of the parties' employment contract.

50. Defendant did not provide Plaintiff with 30 days' written notice prior to termination of the contract.

51. Defendant has therefore breached the terms of the parties' contract and caused Plaintiff damages including but not limited to deprivation of the 30 days' pay which he was owed according to the notice period set forth in the contract.

52. Plaintiff hereby requests a trial by jury on all counts.

**WHEREFORE**, Plaintiff, individually and on behalf of the members of the collective, respectfully prays for judgment as follows:

a. That this case be allowed to proceed as a collective action;

b. For an award of all unpaid wages and overtime due and owing;

c. For an award of liquidated damages pursuant to 29 U.S.C. § 216(b);

d. For an award of reasonable attorney's fees;

e. For costs of suit;

f. For injunctive and equitable relief as provided by law;

g. For other monetary damages according to proof;

h. For pre and post-judgment interest; and

i. For such other and further relief as may be just and proper.

Respectfully Submitted,

/s Charles J. Stiegler
Charles J. Stiegler, #33456 (TA)
STIEGLER LAW FIRM LLC
6557 West End Blvd.
New Orleans, La. 70124
(504) 267-0777 (telephone)
(504) 513-3084 (fax)
Charles@StieglerLawFirm.com